292        APPELLATE COURTS OF ILLINOIS.

Wulfe v. American Pack. and Prov. Co., 186 Ill. App. 292.

Erneste Wulfe, Appellee, v. American Packing and Provision Company, Appellant.

Gen. No. 5,873.    (Not to be reported in full.)

Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of facts. Opinion filed April 15, 1914.

## Statement of the Case.

Action by Erneste Wulfe against American Packing and Provision Company to recover for personal injuries sustained by plaintiff resulting from being attacked by a cow which servants of defendant were driving on a public highway. From a judgment in favor of plaintiff for eight hundred dollars, defendant appeals.

H. K. & H. H. WHEELER, for appellant.

GOWER, COOPER, HOBBIE & PARISH, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. ANIMALS, § 14*—when owner not liable for personal injuries caused by domestic animals. The owner of a domestic animal of a species not inclined to mischief is not liable for injury committed by it to the person of another in the absence of notice to the owner of mischievous tendencies of the animal.

2. ANIMALS, § 14*—when owner of cow not liable for injury to pedestrian on highway. In an action to recover for personal injuries sustained by plaintiff by being attacked by a cow which servants of defendant were driving on a public highway, the facts showed that the cow while being driven with other cattle lay down and could not be made to go any farther and that plaintiff, a woman, was walking home in the highway and after passing the cow and defendant's employes the cow got up and ran down the road and against her knocking her down. Plaintiff claimed that the servants

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

of defendant were negligent in driving the cow so that it became overheated and vicious and that defendant should have employed competent persons to manage the cow. *Held* that the evidence was insufficient to show that defendant was negligent and that a verdict and judgment for plaintiff could not be sustained.

---

Julia E. Wood Administratrix, Appellee, v. James E. McEvoy and Julia Wood McEvoy, Appellants.

Gen. No. 5,874. (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

## Statement of the Case.

Action commenced in *assumpsit* by William Wood against his sister, Julia Wood McEvoy, and her husband, James E. McEvoy, to recover thirteen hundred and fifty dollars received by defendants as the purchase price for a twenty acre tract of land and an undivided half interest in another twenty acre tract conveyed by them to one Hansel, which lands plaintiff claimed to own. After a partial trial before a jury the case was transferred to the chancery side, bill and answer filed and proofs heard by the chancellor, resulting in a decree against the defendants for the whole amount with interest, less a counterclaim about which there was no dispute. From the decree, defendants appeal.

CORNELIUS REARDON and BROWNE & WILEY, for appellants.

DUNCAN, DOYLE & O'CONOR and C. F. HANSON, for appellee.